Nicholson, C. J.,
delivered the opinion of the court.
Panesi sued Boswell & Ball in replevin for a soda fount and three show oases, the writ being returnable to the June Term, 1869, of the Common Law Court of Memphis. On the 6th of July, 1869, the suit was dismissed for want of a declaration, and judgment by default entered, with an order for a writ of inquiry *324 to assess the damages at the same term. The writ of inquiry was executed on the 15th of July, and the damages assessed.
At the same term, and two days after the judgment was rendered, the plaintiff moved the court to set aside the judgment and reinstate the case on the appearance docket. In support of this ■ motion he filed his affidavit, in which he states “that in bringing the-suit he engaged the services of Wm. Messick, Esq., a practicing attorney in the above court, to attend to the same, and left the matter in his hands, fully under the impression that he had retained Mr. Messick in, the case, and thought that he so understood him. Upon-being informed of the dismissal of said suit, affiant sought said attorney, and inquired of him the reason why he had not prosecuted said suit, and he replied that he was not aware that the affiant had employed him to attend to his suit, though, said attorney’s name-appeared upon the docket of said court as affiant’s attorney.”
Affiant then stated that he had a good title to the property in litigation.
The defendants filed a counter affidavit, the main-point in which was to show a better title in themselves.
The court overruled the motion to set aside the judgment, and the plaintiff has appealed.
It is a sound rule that visits the consequences of the attorney’s negligence upon his client, and we are not disposed to relax it. But in this case there seems to have been a material mistake between the client *325 •and the attorney as to the fact of employment. The •client states positively that he believed he had employed Mr. Messick, and left the case in his hands. He supposed that he had done all that was necessary, and if Mr. Messick had understood the employment as the plaintiff did, all was done that was necessary to enable the attorney to file the declaration. We • are of opinion that the affidavit furnishes sufficient excuse for the failure to prosecute the suit, and that the Judge erred in receiving the counter-affidavit as to the question of title. The overruling of the motion was an erroneous exercise of discretion. Crawford v. Williams, 1 Swan, 341.
The judgment is reversed and the case remanded.